## ZABINSKO v. BEDFORD GARAGE.

(Supreme Court, Appellate Division, Second Department.    October 12, 1909.)

DAMAGES (§ 140*)—BREACH OF CONTRACT—EXCESSIVE DAMAGES.

Where, in an action for breach of an oral contract to operate during a specified period sight-seeing cars and divide the net proceeds, the evidence showed that 170 trips could have been made if the weather had been favorable during the entire period, and that a profit of 75 cents per trip could be made on a full load on each occasion, it was error to award damages on the assumption that 170 trips could have been made at a profit of 75 cents on each trip.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 140.*]

Appeal from Municipal Court, Borough of Brooklyn.

Action by David W. Zabinsko against the Bedford Garage. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

George L. Robinson, for appellant.
Sidney F. Strongin, for respondent.

HIRSCHBERG, P. J.    The action is brought to recover damages for the breach of an oral agreement by which the parties were to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

operate two sight-seeing cars on a route between East New York and Prospect Park, Brooklyn, from early in July, 1908, to October 1st. The defendant was to furnish the cars from its garage, and, after deducting the expense for gasoline and chauffeurs, the net proceeds were to be divided; the plaintiff receiving 40 and the defendant 60 ·per centum. The plaintiff was to furnish the passengers. He claimed that the agreement provided for the operation of the cars during the period named, while the defendant claimed that the venture was to continue only so long as it proved profitable. After the first week of operation, the defendant's garage was burned, and the cars injured to an extent which rendered it impossible to run them until they were repaired, and there was consequently an enforced delay of three weeks or more. At the end of this period the defendant again furnished the cars, and they were operated by the plaintiff for a short time, when the defendant refused to continue on the ground that it was not making any money.

On this proof the court has awarded the plaintiff a judgment for the sum of $127.50 damages, apparently arrived at on the assumption that 170 trips could have been made during the period covered by the plaintiff's testimony, and that he would have profited to the extent of 75 cents on each trip. The evidence, however, shows that the 170 trips could have been made only provided the weather had been favorable during the entire period, including the time lost by reason of the fire, and that the profit of 75 cents per trip was based upon a full load on each occasion. In other words, the damages awarded gave the plaintiff the sum which he would have made had he run the cars without missing a trip from early in July to the 1st of October and without an empty seat. This is manifestly erroneous, and requires a new trial; and, as there is to be a new trial, I deem it proper to call attention to the fact that there was considerable evidence received which was improper on the question of damages, but which the court stated that it would receive, not as legal proof of damage, but "as a guide."

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.